UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ROBERT LEE HOUSTON, #6762-053,    :

                Plaintiff,    :

                         :    OPINION & ORDER
-against-    :    17-CV-00847(JFB)(SIL)

                         :

UNKNOWN AGENTS OF THE NATIONAL    :
SECURITIES AGENCY AT THE METROPOLITAN    :
DETENTION CENTER, Brooklyn, N.Y.,    :

                Defendants.    :

------------------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

On February 8, 2017, incarcerated *pro se* plaintiff Robert Lee Houston ("plaintiff") filed an

*in forma pauperis* civil rights complaint against "Unknown Agents of the National Securities

Agency at the Metropolitan Detention Center, Brooklyn, NY" ("Unknown Agents" or

"defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to

proceed *in forma pauperis*.   Upon review of the declaration accompanying plaintiff's application

to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to

commence this action without prepayment of the filing fees.   *See* 28 U.S.C. § 1915(a)(1).

Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.   However, for the

reasons that follow, plaintiff's claims are dismissed in their entirety pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

## BACKGROUND

Plaintiff's brief, handwritten complaint is difficult to comprehend, but he appears to

challenge conduct of unidentified officers on a single occasion at the Metropolitan Detention

Center in Brooklyn, New York.   According to the complaint, on February 5, 2017, plaintiff, who

1

alleges he is heterosexual, was viewed by unidentified "homosexual National Securities Agency Agents" while plaintiff was in the shower. (Compl. at 3-4.) Plaintiff alleges that the defendants made comments about his genitalia and

> us[ed] implanted behavioral instrumentation–not <u>behavior modification</u> to not only violate my [Privacy] under the 1st Amendment of the United States Constitution while in the shower with a shower curtain and (reasonable expectation of privacy)– But is sexually harassing me as well.

(*Id.* at 4-5 (emphasis in original),) Plaintiff also claims that on the same date, the defendants were "banging on [his] cell wall to 'break his concentration.'" (*Id.*)

In the space on the form complaint that calls for a description of any claimed injuries, plaintiff alleges:

> I a heterosexual male was affected mentally this impaired my mental faculties permanently. I may never forget unknown National Securities Agents who were clearly gay piercing the shower curtain and exposing my personal privacy to the S.H.U. population and using implanted behavioral instrumentation not behavior modification along with my eyes to violate my privacy. I may very well need counseling. I may be tramatized [sic] this was absolutely humiliating.

(*Id.* at 5.) For relief, plaintiff seeks "$700,000 or what this Court deems just compensation for mental anguish." (*Id.* at 6.) Plaintiff also seeks "an immediate federal injunction protection order against the above referenced unknown National Securities Agents at MDC Brooklyn, N.Y. and a federal injunction protection order against the National Securities Agency as an entity 200 billion bits mega data base, sophisticated technology immediately." (*Id.*)

## DISCUSSION

I.      Sufficiency of the Pleadings

    A.      Legal Standard

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976));

*Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest

arguments that [they] suggest [ ],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*,

607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court

must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.

*Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659

(2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the

assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a

defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128

(2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B.   Applicable Law

1.   Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the United
> States . . . to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). Here, plaintiff claims that he was deprived of his constitutional right to privacy under the First Amendment.

a. First Amendment Right to Privacy

It is well-established that although inmates "retain certain fundamental rights of privacy," *Houchins v. KOED, Inc.*, 438 U.S. 1, 5 n. 2 (1978), these rights may be restricted and retracted in order to "'maintain[ ] institutional security and preserve[ ] internal order and discipline,'" *Urbano v. Murphy,* No. 11-CV-806, 2013 WL 6842939, at *3 (D. Conn. Dec. 23, 2013) (quoting *Bell v. Wolfish*, 441 U.S. 520, 546 (1979)). Indeed, the Second Circuit has recognized that "prisoners retain a right to bodily privacy, even if that right is limited by institutional and security concerns." *Nicholas v. Goord*, 430 F.3d 652, 658 (2d Cir. 2005).

"Cases in this Circuit and elsewhere addressing inmates' privacy rights suggest that occasional, indirect, or brief viewing of a naked prisoner by a guard of the opposite sex may be permissible, but that regular, close and frequent viewing is prohibited." *Urbano*, 2013 WL

4

6842939, at *3 (citing *Thomas v. Shields*, 981 F.2d 1252 (4th Cir. 1992) (male plaintiff's "right to privacy was not violated by the occasional, inadvertent encounter with female guards" who observed him in shower and on toilet); *Michenfelder v. Sumner*, 860 F.2d 328, 334 (9th Cir. 1988) ("Our circuit's law respects an incarcerated prisoner's right to bodily privacy, but has found that assigned positions of female guards that require only infrequent and casual observation, or observation at a distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference."); *Rogers v. Clark*, No. 94-CV-0444, 1996 WL 328218, at *1 (W.D.N.Y. June 11, 1996) (court found no basis for detainee's claim that "female correctional officer glanced at him as he completed taking a shower" violated his constitutional right to privacy); *Miles v. Bell*, 621 F. Supp. 51, 67-68 (D. Conn. 1985) (finding no violation of inmates' right to privacy because inmates failed to demonstrate that female guards regularly and frequently viewed them undressing or using the shower or toilet)).

In addition, "without any showing of physical injury or damage, claims of verbal harassment, including taunts, insults, and racial slurs cannot form the basis of a claim under Section 1983." *McKethan v. Carbone*, No. 97-CV-0061, 1998 WL 178804, at *2 (N.D.N.Y Apr. 13, 1998); *see also Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010) ("[V]erbal harassment, standing alone, does not amount to a constitutional deprivation."); *Purcell v. Coughlin*, 790 F.2d 263, 264-65 (2d Cir. 1986) (per curiam) (affirming dismissal of Section 1983 claims alleging that various prison officials called plaintiff names on one occasion).

Finally, a district court has the inherent power to *sua sponte* dismiss a frivolous case. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). It is well-established that an action is "frivolous" when "the factual contentions are clearly baseless,

such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gelish v. Social Sec. Admin.*, 10-CV-3713, 2010 WL 3780372, at *4 (E.D.N.Y. Sept. 17, 2010); *Morse v. Network of Al-Queda Attorneys*, 12-CV-1102, 2012 WL 1155821, *5 (E.D.N.Y. Apr. 5, 2012).

b. Application

Here, plaintiff alleges that, on a single date, he was viewed by officers while naked in the shower and that crude remarks were made by the officers about plaintiff. As is readily apparent, plaintiff's allegations fall far short of stating a plausible constitutional deprivation. Even assuming the truth of these claims, this isolated incident does not implicate plaintiff's First Amendment rights. Moreover, the allegations concerning the "implant[ation] of behavior instrumentation" set forth in the complaint "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Upon a casual reading of plaintiff's complaint, these allegations can only be described as the "product of delusion or fantasy." *Livingston*, 141 F.3d at 437. Construing plaintiff's complaint liberally and raising the strongest arguments they suggest, *Burgos v. Hopkins*, 14 F.3d 787, 780 (2d Cir. 1994), the Court finds that plaintiff has failed to statue a plausible claim and therefore dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

II. Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether

plaintiff should be given an opportunity to re-plead his claims. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted).

Given that the reason for the dismissal of plaintiff's complaint is substantive and could not be cured in an amended complaint, leave to amend the complaint is denied.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted. However, plaintiff's claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). The Clerk of the Court is directed to: (1) close this case, (2) enter judgment, and (3) mail a copy of this Order to the *pro se* plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May , 2017     Joseph F. Bianco
     Central Islip, New York   United States District Judge